UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | |
|---|---|
| GWENDOLYNE PORTOCARRERO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 1:21-cv-00105 |
| v. ) | |
| ) | JURY DEMAND |
| EAST RIO HONDO WATER SUPPLY ) | |
| CORPORATION, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S COMPLAINT**

1. Plaintiff Gwendolyne Portocarrero (hereinafter "Plaintiff" or "Ms. Portocarrero") brings this lawsuit against Defendant East Rio Hondo Water Supply Corporation (hereinafter "Defendant" or "ERHWSC") seeking damages and declaratory relief for violations of federal and state law. In support of her claims, Plaintiff would show the following:

**NATURE OF ACTION**

2. Ms. Portocarrero was employed by Defendant from approximately August 2016 until on or about January 9, 2020. ERHWSC terminated her while she was pregnant and approximately one month before her anticipated leave for the birth of her daughter. Ms. Portocarrero's claims arise under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*, (hereinafter "Title VII"), Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* (hereinafter "ADA"), Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (hereinafter "Section 504"), and Chapter 21 of the Texas Labor Code (the Texas Commission on Human Rights Act, hereinafter "TCHRA").

3.     Ms. Portocarrero seeks back pay, lost benefits, actual and compensatory damages, reinstatement or front pay in lieu of reinstatement, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over Plaintiff's claims under Title VII, Section 504, and the ADA pursuant to 28 U.S.C. § 1331 (Federal Question).

5.     This Court has supplemental jurisdiction over Plaintiff's claims under the TCHRA pursuant to 28 U.S.C. § 1367(a).

6.     Because Defendant's principal place of business lies in Cameron County, Texas and all or a substantial part of the acts or omissions giving rise to Plaintiff's causes of action occurred in or around Cameron County, Texas, venue is proper in this District and Division under 28 U.S.C. § 1391(b)(1) and (2).

7.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201–2202.

## PARTIES

8.     Gwnedolyne Portocarrero is a resident of Cameron County, Texas.

9.     Defendant East Rio Hondo Water Supply Corporation is a non-profit corporation registered in the state of Texas.

## STATEMENT OF FACTS

10.    Ms. Portocarrero was employed by Defendant in Rio Hondo, Texas from approximately August 2016 until Defendant terminated her on or about January 9, 2020.  When Defendant terminated Ms. Portocarrero, she was employed by Defendant as a customer service agent.

11. At the time of her termination by Defendant, Ms. Portocarrero was pregnant and anticipated the birth of her daughter in mid-February 2020.

12. Ms. Portocarrero has a hooked tailbone. As result of her hooked tailbone, she anticipated giving birth and did give birth to her daughter in February 2020 by Caesarean section ("c-section").

13. Ms. Portocarrero is a person with a disability as that term is defined in the ADA, 42 U.S.C. § 12102(1) and Tex. Lab. Code § 21.002(6). She has a physical or mental impairment that substantially limits her major life activities, including but not limited to her musculoskeletal and reproductive systems and childbirth, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

14. Ms. Portocarrero was qualified to work for Defendant as a customer service agent because she was able to perform the essential functions of that position with or without reasonable accommodation.

15. Defendant was aware that Ms. Portocarrero was a person with a disability and was aware of the nature of the disability, including that, due to her hooked tailbone, she anticipated giving birth to her daughter by c-section.

16. In December 2019, Ms. Portocarrero made a request to Defendant for leave related to her disability and pregnancy by requesting to use her accrued vacation and sick leave following her anticipated childbirth in mid-February.

17. Ms. Portocarrero informed her supervisor that her requested leave could be necessary because she would be having a c-section.

18. Ms. Portocarrero's December 2019 leave request to her supervisor was a request for an accommodation under the ADA.

19.     On January 9, 2020, Ms. Portocarrero's supervisor notified her that ERHWSC was firing her.

20.     Defendant's termination of Ms. Portocarrero's employment on January 9, 2020 was based on pretextual justifications and was an act of intentional discrimination.

21.     Defendant retaliated against Ms. Portocarrero and interfered with her rights protected by law when it terminated her employment on January 9, 2020.

22.     Upon information and belief, Defendant replaced Ms. Portocarrero with an individual who was not pregnant at the time of her hire and does not have a disability.

23.     Defendant acted intentionally and with malice or with reckless indifference to the federal and state protected rights of Ms. Portocarrero.

24.     Defendant's actions were and are the direct and proximate causes of Ms. Portocarrero's damages in this case.

25.     As a result, Ms. Portocarrero is entitled to an order making her whole, including an order awarding her back pay, lost benefits, actual and compensatory damages, reinstatement or front pay in lieu of reinstatement, punitive damages, interest, and fees, including reasonable attorney's fees, expenses, and costs.

## PROCEDURAL REQUISITES

26.     Plaintiff has complied with all conditions precedent to this lawsuit and has exhausted all required administrative remedies. This suit is filed more than 180 days after the filing of Plaintiff's charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Texas Workforce Commission Civil Rights Division (TWCCRD), less than 90 days after Plaintiff received the notice of her right to file a civil action from the EEOC, and less than two years from the date she filed her charge with the TWCCRD.

## FIRST CAUSE OF ACTION – TITLE VII SEX DISCRIMINATION

27. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-26 above.

28. Defendant discriminated against Ms. Portocarrero in violation of Title VII of the Civil Rights Act of 1964, as amended by the Pregnancy Discrimination Act of 1978.

29. Defendant subjected Ms. Portocarrero to discriminatory terms and conditions of employment because of her sex, including the fact of her pregnancy.

30. Defendant's unlawful discrimination included Defendant's denial of leave and termination of Ms. Portocarrero prior to her childbirth.

## SECOND CAUSE OF ACTION – TITLE I OF THE ADA

31. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-30 above.

32. Plaintiff is an individual with a disability as defined by the ADA, 42 U.S.C. § 12102(1). Plaintiff has a physical or mental impairment, including, but not limited to, a hooked tailbone, that substantially limits major life activities, including, but not limited to, her reproductive and musculoskeletal systems and childbirth, has a record of having such an impairment, or was regarded by Defendant as having such an impairment.

33. Defendant is a covered entity under the ADA, 42 U.S.C. § 12111(2), in that Defendant had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and is engaged in an industry affecting commerce.

34. At all times relevant to this complaint, Plaintiff was Defendant's "employee" within the meaning of the ADA, 42 U.S.C. § 12111(4).

35. Defendant violated Title I of the ADA by (1) failing or refusing to make a reasonable workplace accommodation after Ms. Portocarrero requested an accommodation; (2) terminating Ms. Portocarrero's employment because of her disability, (3) retaliating against Ms. Portocarrero; and (4) interfering with her rights protected by law by terminating her employment after she engaged in protected activity by requesting a reasonable workplace accommodation.

### THIRD CAUSE OF ACTION – SECTION 504 OF THE REHABILITATION ACT

36. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-35 above.

37. Upon information and belief, at the time of Plaintiff's termination, Defendant was a recipient of federal financial assistance and therefore subject to the requirements of Section 504, 29 U.S.C. § 794(a).

38. Plaintiff is an individual with a disability within the meaning of Section 504 and of 29 U.S.C. §§ 705(9)(B) and (20)(B). Plaintiff has a physical or mental impairment, including, but not limited to, a hooked tailbone, that substantially limits major life activities, including, but not limited to, her reproductive and musculoskeletal systems and childbirth, has a record of having such an impairment, or was regarded as having such an impairment.

39. Defendants violated Section 504, 29 U.S.C. § 794(a), by (1) failing or refusing to make a reasonable workplace accommodation after Ms. Portocarrero requested an accommodation, (2) terminating Plaintiff's employment because of her disability, (3) retaliating against Ms. Portocarrero; and (4) interfering with her rights protected by law by terminating her after she engaged in protected activity, including by requesting leave due to her disability.

**FOURTH CAUSE OF ACTION – CHAPTER 21 OF THE TEXAS LABOR CODE**

40. Plaintiff hereby re-avers and incorporates by reference the allegations contained in paragraphs 1-39 above.

41. Plaintiff is an individual with a disability as defined by the Texas Labor Code § 21.002(6). Plaintiff has a physical or mental impairment, including, but not limited to, a hooked tailbone, that substantially limits major life activities, including, but not limited to, her reproductive and musculoskeletal systems and childbirth, has a record of having such an impairment, or was regarded as having such an impairment.

42. At all times relevant to this complaint, Plaintiff was Defendant's "employee" within the meaning of Texas Labor Code § 21.002(7).

43. At all times relevant to this complaint, Defendant was Plaintiff's "employer" within the meaning of the Texas Labor Code § 21.002(8) in that Defendant was engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

44. Defendant violated the TCHRA by (1) failing or refusing to make a reasonable workplace accommodation after Ms. Portocarrero requested an accommodation; (2) terminating Ms. Portocarrero's employment because of her disability, and (3) retaliating against Ms. Portocarrero; and (4) interfering with her rights protected by law by terminating her employment after she engaged in protected activity by requesting a reasonable workplace accommodation.

45. Defendant also violated the TCHRA by discriminating against Ms. Portocarrero on the basis of her sex, including because of or on the basis of pregnancy, childbirth, and related medical conditions. Defendant's unlawful discrimination included denial of leave and termination of Ms. Portocarrero's employment prior to her childbirth.

**ATTORNEY'S FEES**

46. It was necessary for Plaintiff to secure the services of counsel, Texas RioGrande Legal Aid, to preserve her rights and and prosecute this lawsuit. Defendant should be ordered to pay reasonable attorney's fees, expenses including litigation expenses, and costs associated with prosecuting this suit and appeals to any other court in accordance with 42 U.S.C. § 2000e-5, 29 U.S.C. § 794a, and Texas Labor Code § 21.259.

**JURY DEMAND**

47. Plaintiff requests trial by jury on all issues so triable.

**PRAYER AND SUMMARY OF RELIEF REQUESTED**

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that this Court:

 a. Award Plaintiff back pay and damages for lost wages, employment benefits, and other compensation lost from the date of termination;

 b. Order Defendant to reinstate Plaintiff to her position of employment with Defendant at a pay rate commensurate with her continued employment from the date of termination to the date of such reinstatement; or award Plaintiff front pay in lieu of reinstatement;

 c. Award Plaintiff compensatory damages for her past and future pecuniary and non-pecuniary losses;

 d. Award Plaintiff punitive damages for Defendant's acts of intentional discrimination, interference and retaliation;

 e. Award Plaintiff pre- and post-judgment interest, as provided by law;

 f. Award Plaintiff her reasonable attorney's fees, costs, and expert witness fees; and

g. Grant Plaintiff such other and further relief as may be authorized by law and deemed appropriate by this Court.

Respectfully submitted,

*/s/ Nicole Bucheri*
Nicole Bucheri
State Bar No.: 24095388
S. Dist. N.: 2998398
TEXAS RIOGRANDE LEGAL AID, INC.
1206 E. Van Buren St.
Brownsville, Texas 78520
(956) 982-5552
(956) 541-1410/FAX
Lead Attorney for Plaintiff

Sarah E. Donaldson
State Bar No.: 24065158
S. Dist. N.: 963517
TEXAS RIOGRANDE LEGAL AID, INC.
1111 N. Main Ave.
San Antonio, Texas 78212
(210) 212-3704
(210) 212-3704/FAX
sdonaldson@trla.org
Co-Counsel for Plaintiff